IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEDRO ROLLERO SUARES, §<br>  #1479344, §<br>          PETITIONER, §<br>                      §<br>v.                    §     CASE NO. 3:19-CV-2032-G-BK<br>                      §<br>LORIE DAVIS, DIRECTOR, TDCJ-CID, §<br>          RESPONDENT. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Pedro Rollero Suares' *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge for case management, including the entry of findings and a recommended disposition. As detailed here, the successive habeas petition should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I.   BACKGROUND**

In 2007, Suares was convicted of aggravated assault of a child and sentenced to life imprisonment. *State v. Rollero-Suares*, No. F0688955 (363rd Jud. Dist. Court, Dallas Cty., Tex., 2007), *aff'd* No. 05-07-00862-CR (Tex. App. -- Dallas, Jul. 16, 2008, pet. ref'd). Suares unsuccessfully challenged his conviction in state and federal habeas proceedings. *See Ex parte Rollero-Suares*, Application No. 75,025-02 (Tex. Crim. App. Aug. 24, 2011) (denying state habeas application); *Rollero-Suares v. Thaler*, No. 3:11-cv-3150-M-BF, 2012 WL 6772008, at *1 (N.D. Tex. Dec. 4, 2012), *R. & R. accepted*, 2013 WL 67118 (N.D. Tex. Jan. 7, 2013) (denying federal habeas relief). And this Court twice transferred his successive federal habeas

petition to the United States Court of Appeals for the Fifth Circuit which, in turn, denied leave to file a successive application. *Rollero-Suares v. Davis*, No. 3:17-cv-02133-G-BN (N.D. Tex. Sep. 6, 2017) (transferring successive petition asserting newly discovered evidence of actual innocence), *denying authorization to file*, No. 17-11018 (5th Cir. Dec. 18, 2017); *Rollero-Suares v. Davis*, No. 3:19-cv-01121-G-BN (N.D. Tex. May 9, 2019) (construing motion for leave to appeal as successive petition and transferring), *denying authorization to file with sanction warning*, No. 19-10538 (5th Cir. Jun. 17, 2019) (warning that future frivolous, repetitive, or abusive filings will result in the imposition of sanctions).

In this action, Suares again seeks to challenge his conviction for aggravated sexual assault of a child, raising in substance the same claims of newly discovered evidence and actual innocence. *Compare* Doc. 1 at 6-8, *with* Civ. Doc. 3 at 6-9 (federal habeas petition in No. 3:17-cv-02133-G-BN). However, he has again failed to seek authorization to file a successive application challenging his conviction and, thus, his successive petition should be dismissed.

## II. ANALYSIS

28 U.S.C. § 2244(b) limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C.

§ 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (Section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (Section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Suares must obtain such an order before he can file a successive application challenging his conviction. Because this is Suares' third successive Section 2254, which raises in essence the same claims, dismissal without prejudice for want of jurisdiction—as opposed to transfer—seems appropriate. *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (per curiam) (addressing transferred application); *Crone*, 324 F.3d at 838 (remanding successive application with instructions to dismiss).

### III.  CONCLUSION

For the foregoing reasons, the successive habeas petition should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction because Petitioner has not obtained authorization to file a successive habeas petition from the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(1) and (3).

**SO RECOMMENDED** on September 30, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).